GeeeN, J.
delivered the opinion of the court.
The plaintiff in error, was indicted for gaming in July, 1841, and was tried and convicted in March, 1842. The clerk taxed *481 a fee of five dollars to the Attorney General. At the return term, the court, on motion, ordered the taxation of costs to be corrected and ten dollars tobe taxed for the Attorney General’s fee. From this judgment the plaintiff in error appealed to this court. .
Previously to the passage of the act of 1841-2, ch. 35, the1 sum of ten dollars was the fee allowed by law, to the Attorney General, in all convictions for gaming, but by that act, the fee was reduced to five dollars in all cases for gaming, 'which were not made felony by statute.
This act was passed the 11th January, 1842, after the indictment was found, and before the conviction and judgment. It provides, “that whenever any judgment for a fine and costs, shall be rendered in any court, against any defendant upon any prosecution under any of the statutes, which may be in force to discourage and suppress gaming, only five dollars shall be taxed in the bill of costs, as a fee for the Attorney General, when the same shall be prosecuted to conviction: provided, that on conviction for games made felony by law, the fee of the Attorney General shall be ten dollars, to be taxed in the bill of costs > and to be paid by the defendant.”
The terms, of this act, apply as well to cases which commenced before the passage, as to those which might afterwards be originated. Its words apply to the rendition of the judgment; the sum of five dollars is to -be taxed “whenever any judgment shall be rendered.” The argument therefore, that the legislature meant this provision to apply to prosecutions only, which should be commenced after the passage of the act, cannot be maintained. All such construction is excluded by the plain words of the law.
But it is insisted that the legislature had no power to reduce the Attorney General’s tax fee in cases, where indictments had been found, below the sum which was previously allowed by law.
This proposition necessarily involves the general question, whether the compensation of officers of the government, may be changed, modified and reduced, by the legislature, during the time 'for which such officers may have been appointed. *482 And, there can be no doubt, but that such power exists, except in particular cases, where by the constitution it is expressly prohibited.
The law fixing the compensation to be allowed for the discharge of the duties of an office, does not constitute a contract with the officer who may be appointed, within the meaning of the constitution of the United States. He takes the office with the liberty to relinquish it at any time he thinks proper, and with the understanding, that his compensation is subject to legislative control. If this were not so, all those provisions in the constitution, which prohibit the legislature from reducing the salaries of certain officers, are unnecessary.
But the introduction of such provisions in the constitution? shows the sense of that instrument as to those offices in relation to which no such provision exists. We do not perceive that the present case, where the compensation is given, in certain fees attached to the office, is different from those cases where regular salaries are allowed.
But it is said, this cause had commenced, and a right to the fee of ten dollars had vested in defendant in the contingency of conviction.
We do not think there was any vested right in this case. The act of 1824 allowed ten dollars on convictions for gaming. The right to the ten dollars vested only on conviction, but before that occurred in this casé, the act of 1841-2 was passed, and reduced the fee to five dollars. The right to the ten dollars could never therefore vest.
The circuit court erred in taxing a fee of ten dollars, and the judgment must be reversed.